**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) STATE NATIONAL INSURANCE COMPANY, and<br>2) NATIONAL SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>vs.<br><br>1) RAINBO SERVICE CO.,<br>2) GREG DEPEW,<br>3) JANICE DEPEW,<br>4) KEITH HARRIS,<br>5) REBECCA HARRIS,<br>6) BRIAN STANALAND,<br>7) DEBRA STANALAND, AND<br>8) KEITH WARRIOR,<br><br>     Defendants. | Case No.: CIV-18-718-R |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COME NOW** State National Insurance Company and National Specialty Insurance Company, Plaintiffs herein, and for their Complaint seeking a declaratory judgment of this Court pursuant to 28 U.S.C. § 2201, to determine a controversy as to the rights and obligations of the parties related to certain policies of insurance issued by Plaintiffs to Defendant Rainbo Service Co., and subject to amendment at the conclusion of all pretrial discovery, do allege and state as follows, to wit:

## JURISDICTION

1. Plaintiff State National Insurance Company ("State National") is an insurance company created under the laws of the State of Texas and having its principal place of business within the State of Texas, and is therefore a citizen of the State of Texas.

2. Plaintiff National Specialty Insurance Company ("National Specialty") is an insurance company created under the laws of the State of Texas and having its principal place of business within the State of Texas, and is therefore a citizen of the State of Texas.

3. Defendant Rainbo Service Co. ("Rainbo") is a corporation created under the laws of the State of Oklahoma and having its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

4. Defendants Greg Depew, Janice Depew, and Keith Warrior are individuals who reside in Logan County and are citizens of the State of Oklahoma.

5. Defendants Keith Harris, Rebecca Harris, Brian Stanaland, and Debra Stanaland are individuals who reside in Oklahoma County, with property located in Logan County, and are citizens of the State of Oklahoma. (All Defendants listed in Paragraphs 4 and 5 are hereinafter referred to as "Claimants").

6. This lawsuit concerns whether coverage is afforded under policies of insurance issued by State National and National Specialty to Rainbo, which each have coverage limits in excess of $75,000.00, for purported losses in excess of $75,000.00 suffered by Claimants allegedly due to the conduct of Rainbo, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00 exclusive of interest and costs.

7. Therefore, by virtue of the complete diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court is vested with jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

**VENUE**

8. The claims of State National and National Specialty for a declaratory judgment concern the rights and obligations of those companies to Rainbo in relation to policies of insurance issued to Rainbo in Oklahoma City, Oklahoma County, Oklahoma, in relation to alleged losses of the Claimants which occurred in Logan County, Oklahoma.

9. Because a substantial part of the events giving rise to the claims at issue in this lawsuit occurred in Oklahoma County, Oklahoma, and Logan County, Oklahoma, which are two of the counties of which the Western District of Oklahoma is comprised, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

10. State National issued a Commercial Lines Policy of insurance numbered NFD0862066 to Rainbo which was in effect from October 4, 2014 through October 4, 2015, and included commercial liability insurance coverage with a per occurrence limit of liability of $1 million subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 1).

11. State National issued a Commercial Lines Policy of insurance numbered NFD0862066 to Rainbo which was in effect from October 4, 2015 through October 4, 2016, and included commercial liability insurance coverage with a per occurrence limit of

liability of $1 million subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 2).

12. National Specialty issued a Commercial Liability Umbrella Policy of insurance numbered NFF0862066 to Rainbo which was in effect from October 4, 2014 through October 4, 2015, with a per occurrence limit of excess liability coverage over that afforded by the State National policy of $5 million subject to certain sub-limits, and otherwise subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 3).

13. National Specialty issued a Commercial Liability Umbrella Policy of insurance numbered NFF0862066 to Rainbo which was in effect from October 4, 2015 through October 4, 2016, with a per occurrence limit of excess liability coverage over that afforded by the State National policy of $5 million subject to certain sub-limits, and otherwise subject to the terms and conditions of said contract (a true and correct copy of said policy is attached hereto as Exhibit 4).

14. The Claimants have filed a lawsuit against Rainbo, among others, in the District Court of Logan County, Oklahoma ("State Court Lawsuit"), alleging that Rainbo is liable for causing or contributing to earthquakes occurring between 2013 and 2016 which caused damage to the Claimants' homes and properties, as well as to their persons as a result of Rainbo's ownership and operation of one or more wells used for the purpose of disposing of waste and pollutants produced or used during the course of oil and gas production (a true and correct copy of the Petition by which the State Court Lawsuit was commenced is attached hereto as Exhibit 5).

15. Specifically, the State Court Lawsuit alleges, in part, that "from a time unknown, but upon information and belief sometime prior to January 4, 2016, and at all times pertinent to this Petition, Defendants and each of them, operated and now continue to operate Disposal Wells within Oklahoma and Logan Counties, and elsewhere within the state of Oklahoma, maintained to deposit Fracking Waste into the natural environment"; that state officials have "publicly acknowledged that there was a direct connection between the disposal of Fracking Waste and earthquakes in Oklahoma"; that "[t]he Disposal Wells that are owned or operated by the Defendants, and each of them, are the direct cause of the earthquake clusters in and around Oklahoma City, Edmond, and other nearby communities in Oklahoma and Logan County, Oklahoma"; that "[t]he Fracking Waste contains pollutants, including but not limited to chemicals, salt water, oil field brine, waste oil, waste emulsified oil, basic sediments, mud, and other injurious substances produced or used in the drilling, development, production, transportation, refining, and processing of oil, gas and/or brine mining, being pollutants that would otherwise not be present in the places where they are deposited by Defendants"; that "[i]n locating and operating their Disposal Wells, in and around Oklahoma City, Edmond, and other nearby communities in Oklahoma and Logan Counties, Defendants' careless acts are the direct and proximate cause of damage to each of the Plaintiffs"; that by "carelessly locating and operating their individual Disposal Wells to deposit Fracking Waste at or near geological faults, Defendants failed to exercise reasonable and ordinary care to avoid the risk of injury and harm to others..."; and that "Defendant Rainbo owns or operates one or more Disposal Wells that have contributed

to the past and ongoing unnaturally occurring induced earthquakes that are the direct and proximate cause of damage and harm to each of the Plaintiffs."

16. Rainbo has made demand upon State National and National Specialty for coverage in relation to the claims asserted in the State Court Lawsuit.

17. Insofar as the State Court Lawsuit alleges that the Claimants' bodily injuries and property damage were caused by the injection of waste and pollutants from oil and gas production into disposal wells by Rainbo, such damage would not be covered under the Insuring Agreements of the State National or the National Specialty policies of insurance, since such does not constitute property damage or bodily injury caused by an accident so as to constitute an "occurrence" required to trigger the liability coverage of those policies.

18. Moreover, the bodily injury and property damage asserted by Claimants allegedly arose from the discharge into injection wells of waste and pollutants from oil and gas operations, which constitute pollutants as defined by the policies, and coverage is thus excluded under the policies for such claims of bodily injury or property damage by the Pollution Exclusions contained therein; moreover, although the State National policies afford limited pollution coverage subject to certain specific criteria, and such coverage is also afforded under the 2015-2016 National Specialty policy effective January 26, 2016, the claims in the State Court Lawsuit do not satisfy the criteria to such coverage being afforded, and such coverage is further excluded.

19. The State Court Lawsuit further seeks damages and equitable relief which are either not within the definition of property damage and bodily injury for which the policies afford coverage, or are excluded under the terms thereof.

20.     The State Court Lawsuit further seeks punitive or exemplary damages from Rainbo, as to which Oklahoma law prohibits insurance coverage under the circumstances alleged therein.

21.     In addition, insofar as the State Court Lawsuit alleges that Claimants' bodily injuries and property damage occurred outside the effective period(s) of the State National and National Specialty policies, such damage would not be covered under the Insuring Agreements of the State National or the National Specialty policies of insurance since such bodily injury or property damage did not occur during the policy period as required to trigger the liability coverage of those policies.

22.     Therefore, the State National and the National Specialty policies do not afford coverage to Rainbo for the claims of bodily injury and property damage allegedly suffered by Claimants as set forth within the State Court Lawsuit.

23.     In the alternative, to the extent any coverage is afforded to Rainbo under the State National or National Specialty policies for the claims of bodily injury and property damage allegedly suffered by Claimants as set forth within the State Court Lawsuit, such coverage is limited to one "occurrence" under the State National and National Specialty policies.

24.     Insofar as the Claimants are contingent claimants under the subject policies of insurance should they recover in the State Court Lawsuit against Rainbo, they are properly joined in this action.

25.     An actual and justiciable controversy presently exists as between State National and National Specialty, on the one hand, and Rainbo and the Claimants, on the

other hand, as to the coverage afforded to Rainbo under the subject policies of insurance, by reason of which the declaration of this Court adjudicating the respective rights of the parties to this lawsuit is sought herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs State National Insurance Company and National Specialty Insurance Company do herein respectfully pray for judgment against Defendants Rainbo Service Company and Claimants declaring that no coverage is afforded under the subject policies of insurance for the claims asserted in the State Court Lawsuit against Rainbo Service Company by the Claimants, or, in the alternative, should this Court find that such coverage is available, declaring that such coverage is limited to one "occurrence" under the State National and National Specialty policies, and for such other and further relief as the Court may deem just and equitable in the premises.

Respectfully submitted,

*s/Casper J. den Harder*
Phil R. Richards, OBA # 10457
Casper J. den Harder, OBA #31536
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email:  prichards@richardsconnor.com
           cdenharder@richardsconnor.com

**ATTORNEYS FOR PLAINTIFFS STATE NATIONAL INSURANCE COMPANY AND NATIONAL SPECIALTY INSURANCE COMPANY**